GREENBERG TAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL J. CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
E-mails:  hurleyg@gtlaw.com;
          chilleenm@gtlaw.com

Attorneys for Defendant
RALPHS GROCERY COMPANY dba THE KROGER COMPANY aka FOODS CO.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| JOHN MORALES,<br><br>    Plaintiff,<br><br>    vs.<br><br>RALPHS GROCERY COMPANY dba THE KROGER COMPANY aka FOODS CO; CAHAN SHIELDS, LLC,<br><br>    Defendants. | CASE NO. 1:12-cv-00742-AWI-SKO<br><br>**DEFENDANT RALPHS GROCERY COMPANY dba THE KROGER COMPANY aka FOODS CO.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date:       November 21, 2012<br>Time:       9:30 a.m.<br>Courtroom:  7<br>Judge:      Magistrate Sheila K. Oberto |

# INTRODUCTION

Unfortunately, there are increasingly widespread reports of vexatious ADA litigation. Courts have described these disability access lawsuits as "shakedown schemes" for statutory damages and attorney's fees. *See, e.g., Doran v. Del Taco, Inc.*, 373 F.Supp.2d 1028, 1030 (C.D. Cal. 2005) (discussing and commenting on abusive "shakedown schemes"); *Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278, 1280-82 (M.D. Fla., 2004) (referring to serial ADA plaintiff as a "professional pawn in an ongoing scheme to bilk attorney's fees"); *Steven Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1375 (M.D. Fla. 2004) (calling for a legislative solution to the unchecked potential for vexatious ADA litigation); *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 862 (C.D. Cal. 2004) (noting that marked rise in ADA lawsuits has turned ADA litigation into a "cottage industry" of "systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements.").

"The abuse is a kind of legal shakedown scheme...the unscrupulous law firm sends a disabled individual to as many businesses as possible in order to have him or her aggressively seek out all violations of the ADA." *Doran v. Del Taco, Inc.*, 373 F.Supp.2d 1028, 1030 (C.D. Cal. 2005). Next, the attorneys use the threat of attorney's fees and statutory damages "for purposes of extorting money from the defendants." *Wilson v. Kayo Oil Company,* 535 F.Supp.2d 1063, 1071 (S.D. Cal. 2007). "The result of his [money-making] scheme is that the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals)." *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 862 (C.D. Cal. 2004). Of course, "this type of shotgun litigation undermines both the spirit and purpose of the ADA," *id*., and "brings into disrepute the important objectives of the ADA by instead focusing public attention on the injustices suffered by defendants forced to expend large sums to amount defenses to groundless or hyper-technical claims." *Peters v. Winco Foods, Inc*., 320 F.Supp.2d 1035, 1041 (E.D. Cal. 2004).

This case represents a classic example of abusive ADA litigation. Plaintiff John Morales ("Plaintiff") and his counsel have filed this form action against defendant Ralphs Grocery Company ("Defendant") alleging violations under the Americans with Disabilities Act ("ADA") and seeking damages under companion state law statutes.

///

As explained in more detail below, the Court should deny Plaintiff's motion to amend his complaint to allege additional barriers as it appears to have been brought in bad faith to increase the nuisance settlement value of this lawsuit to Defendants' prejudice. In addition, the proposed amendments are futile because they (1) are deficient on their face as they fail to meet the pleading standard for ADA barriers cases set forth by the Ninth Circuit in *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) and *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir. 2011), and (2) allege moot parking-lot barrier claims even though Plaintiff has settled those claims with the landlord, Cahan Shields, LLC.

## ARGUMENT

**I.   PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE IT IS BROUGHT IN BAD FAITH AND WOULD RESULT IN UNDUE PREJUDICE, AND THE PROPOSED AMENDMENTS ARE FUTILE.**

**A.   Legal Standard.**

"In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend may be denied where the party either knew or should have known the facts on which the amendment is based. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Leave to amend is also proper when the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). In addition, leave to amend should be denied when it would cause prejudice, such as when a proposed amendment would increase litigation expenses. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

The Ninth Circuit has recently addressed the pleading standard in ADA barrier cases. In *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011), the Ninth Circuit held that to satisfy the injury-in-fact requirement for standing, a plaintiff who seeks relief under the ADA must identify the barriers that he personally encountered, connect the barriers to his disability, and state the manner in which the barriers impeded his full and equal enjoyment of the facility. *Id.* at 954. The Ninth

2

Circuit held that it was not sufficient for a plaintiff to merely list a set of architectural barriers and allege those barriers denied him "full and equal access." *Id.* For instance, to adequately plead standing, a plaintiff must do more than simply allege "that he is 'physically disabled,' and that he 'visited the [place of public accommodation], and 'encountered ... barriers that denied him full and equal access.'" *Id.*

The Ninth Circuit noted that the plaintiff's fatal flaw was his failure to allege that he encountered the barriers identified in his expert's accessibility survey attached to his complaint, to connect the barriers to his disability, and explain how he was denied full and equal access as a result of the barriers. *Id.* at 955. Accordingly, the Ninth Circuit remanded the case with instructions to dismiss the plaintiff's claim. *Id.*

In *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir. 2011), the Ninth Circuit adopted a bright line rule that all barriers must be specifically identified in the complaint to give defendants fair notice of a plaintiff's claims under F.R.C.P. 8. In doing so, the Ninth Circuit recognized that such a rule was necessary because serial ADA plaintiffs and their counsel constantly change the injunctive relief they seek to thwart defendants' remedial efforts and increase the nuisance settlement value of their lawsuits:

> "Plaintiff's counsel later explained that his delays in identifying the barriers at the facility were part of his legal strategy; he purposely 'forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers,' because otherwise a defendant could remove all the barriers prior to trial and moot the entire case."

*Oliver*, *supra* at *2, fn. 7.

### B. Plaintiff's Motion To Amend Should Be Denied.

As in *Oliver*, here, Plaintiff apparently seeks to amend his complaint for an improper purpose. Plaintiff's counsel knew that the case law required them to identify all alleged barriers in Plaintiff's original complaint. Plaintiff's counsel also knew that Rule 11 required them to have a factual basis for their complaint prior to filing it. Nonetheless, they purposefully chose to file a complaint in May 2012 without adequate factual investigation and now seek to increase the scope, expense and nuisance value of this litigation *six months* later by way of an amended complaint -- a mere *two months* before the discovery cut-off date -- all to Defendants' prejudice.

///

Moreover, Plaintiff's proposed amended complaint is deficient on its face and thus granting leave to file it would be futile. Plaintiff has failed to comply with the pleading requirements for ADA barrier cases established by the Ninth Circuit in *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) and *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir. 2011). In particular, Plaintiff fails to specifically identify the barriers he allegedly encountered, connect the barriers to his disability, or state the manner in which the barriers purportedly impeded his access.

For example, Plaintiff's proposed first amended complaint alleges that:

- the "parking space was improperly configured and Plaintiff experienced difficulty when transferring onto his wheelchair" (FAC ¶10(b)) — this is inadequate as the allegation fails to identify what is supposedly wrong with the parking space's "configuration" and states in a conclusory manner that Plaintiff "experienced difficulty."
- "marked path…was blocked" (FAC ¶10(c)) – this is inadequate as the allegation fails to identify what barriers were supposedly blocking the path.
- "many of the merchandize and grocery items were out of his reach" (FAC ¶10(d)) – this is inadequate as the allegation fails to identify which specific items were allegedly out of Plaintiff's reach.
- "door operation pressure exceeds five (5) pounds of pressure" (FAC ¶11(a)) – this is inadequate as the allegation fails to identify which door is at issue.
- "an accessible route to the fire extinguishers is not provided" (FAC ¶11(b)) – this is inadequate as the allegation does not explain what features of the route make it inaccessible.
- "a minimum of two (2) properly identified and configured checkout stands is not provided" (FAC ¶11(c)) – this is inadequate as the allegation does not identify what is wrong with the checkout stands.
- "customer service counters exceed 38" above the floor to the top edge" (FAC ¶11(d)) – this is inadequate as the allegation fails to identify which counters are at issue.
- "all aisles are not a minimum of 44" wide" (FAC ¶11(j)) – this is inadequate as the allegation fails to specify which aisles are allegedly noncompliant.
- "men's restroom signage is improperly configured" (FAC ¶11(k)) – this is inadequate as the allegation does not explain what is wrong with the sign's "configuration."

• "men's restroom stall door has improper hardware" (FAC ¶11(n)) – this is inadequate as the allegation does not identify what "hardware" it is referring to or what is wrong with it.

• "the side grab bar in the men's restroom is improperly located" (FAC ¶11(p)) – this is inadequate as the allegation does not identify what is wrong with the side grab bar's location.

• "the rear grab bar in the men's restroom is improperly located" (FAC ¶11(q)) – this is inadequate as the allegation does not identify what is wrong with the rear grab bar's location.

• "the toilet paper dispenser in the men's restroom is improperly located" (FAC ¶11(r)) – this is inadequate as the allegation does not identify what is wrong with the toilet paper dispenser's location.

• "the paper towel dispenser in the men's restroom is improperly located" (FAC ¶11(s)) – this is inadequate as the allegation does not identify what is wrong with the paper towel dispenser's location.

• "price check readers are not accessible" (FAC ¶11(u)) – this is inadequate as the allegation does not identify what is allegedly wrong with the price check readers.

• "merchandize is not located within proper reach ranges" (FAC ¶11(w)) – this is inadequate as the allegation does not identify what merchandize it is referring to.

• "policies and procedures are not in place to ensure that the Facility is accessible to persons with disabilities" (FAC ¶11(x)) – this is inadequate as the allegation does not identify which policies and procedures are allegedly deficient or what changes Plaintiff wants to Defendant's policies and procedures.

In short, Plaintiff's newly-minted barrier claims are not pled with sufficient specificity to satisfy *Oliver* or *Chapman* as they mere allege that something is "improper" or "inaccessible" without explaining why or connecting the alleged barriers to Plaintiff's disability and explaining how they allegedly impeded his access. This is the same type of hide-the-ball gamesmanship that the Ninth Circuit disapproved of in *Oliver* and *Chapman*.

Moreover, Plaintiff has failed to explain why he did not include many of these barriers in his original complaint. For instance, Plaintiff allegedly used the restroom when he patronized the store so why did he not allege any problems with the men's restroom door pressure, mirror, signage, toilet paper dispenser, path of travel, or location of the grab bars in his original complaint? Likewise, Plaintiff allegedly used the checkout stands during his visit so why did he not allege any problems with them or

5

the price check readers in his original complaint?

Finally, why is Plaintiff continuing to assert barrier claims with respect to the parking lot when he has settled those claims with the landlord?  This is improper and allowing these futile amendments would be prejudicial to Defendants.

## CONCLUSION

For the above reasons, Defendant respectfully requests that Plaintiff's Motion be denied in its entirety.

DATED: November 7, 2012                    GREENBERG TRAURIG, LLP


By /s/ Gregory F. Hurley
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant
RALPHS GROCERY COMPANY dba THE KROGER COMPANY aka FOODS CO.

///

///

///

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On November 7, 2012, I served **DEFENDANT RALPHS GROCERY COMPANY dba THE KROGER COMPANY aka FOODS CO.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**, on the interested parties, addressed as follows:

| | |
|---|---|
| K. Randolph Moore, Esq.<br>Tanya E. Moore, Esq.<br>MOORE LAW FIRM, P.C.<br>332 North Second Street<br>San Jose, CA 95112<br>Tel:  408-298-2000<br>Fax:  408-298-6046 | Attorneys for Plaintiff<br>JOHN MORALES RAMOS |

☐ **[BY MAIL]** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ **[BY OVERNIGHT COURIER]** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of times for delivery by overnight courier. The foregoing sealed envelope was placed for collection and overnight delivery by _____ Express this date consistent with the ordinary business practice of my employment, so that it will be picked up this date with delivery charges fully prepaid at Irvine, California, and delivered the following business day in the ordinary course of business.

☒ **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the offices listed above.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Gregory F. Hurley
Gregory F. Hurley