1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   JOHN MORALES,                               CASE NO. 1:12-cv-00742-AWI-SKO

8            Plaintiff,                          **ORDER GRANTING PLAINTIFF'S**
                                                 **MOTION TO AMEND**
9       v.

10  RALPHS GROCERY COMPANY dba                   (Docket No. 14)
    KROGER COMPANY aka FOODS CO.,
11  et al.,
                 Defendants.
12
13  _____/

14              **I.   INTRODUCTION**

15          On October 15, 2012, Plaintiff John Morales ("Plaintiff") filed a motion for leave to file a

16  first amended complaint.  (Doc. 14.)  On November 7, 2012, Defendant Ralphs Grocery Company

17  dba The Kroger Company aka Foods Co. ("Ralphs Grocery") filed an opposition to Plaintiff's

18  motion.  (Doc. 17.)  Plaintiff filed a reply on November 13, 2012.  (Doc. 18.)

19          The Court reviewed the motion and supporting documents and determined that this matter

20  is suitable for decision without oral argument pursuant to Local Rule 230(g).  For the reasons set

21  forth below, Plaintiff's motion to file a first amended complaint is GRANTED.

22          **II.  BACKGROUND AND PROCEDURAL HISTORY**

23          On May 4, 2012, Plaintiff filed a complaint against Defendants Ralphs Grocery and Cahan

24  Shields, LLC ("Cahan Shields," collectively "Defendants") alleging causes of action under the

25  American with Disabilities Act of 1990 (the "ADA"), the Disabled Persons Act, the Unruh Civil

26  Rights Act, and for Denial of Full and Equal Access to Public Facilities.  (Doc. 2.)  On May 30,

27  2012, Ralphs Grocery filed an answer, and on June 22, 2012, Cahan Shields filed an answer.  (Docs.

28  7, 9.)

1    A scheduling conference was held on August 28, 2012, and the Court issued a scheduling

2    order on August 31, 2012.  (Docs. 11, 12.)  The scheduling order provided that any requests to

3    amend the pleadings must be filed by October 15, 2012.  (Doc. 12, 2:5-15.)

4    On September 7, 2012, Plaintiff's counsel served a Demand for Inspection of Land on

5    Property on Defendants setting a site inspection for October 11, 2012; the inspection took place on

6    that date.  (Doc. 14-3, Moore Decl., ¶¶ 2-3.)  On October 12, 2012, Plaintiff filed a Notice of

7    Settlement as to Defendant Cahan Shields only.  (Doc. 13.)  On October 14, 2012, Plaintiff's counsel

8    received a copy of the site inspection report.  (Doc. 14-3, Moore Decl., ¶ 6.)

9    Plaintiff filed the instant motion on October 15, 2012.  (Doc. 14.)  On October 29, Defendant

10   Cahan Shields was dismissed from this action with prejudice.  (Doc. 16.)  On November 7, 2012,

11   Defendant Ralphs Grocery filed an opposition to the instant motion, and Plaintiff filed a reply on

12   November 13, 2012.  (Docs. 17, 18.)

13                                    **III.  DISCUSSION**

14   The Court issued a scheduling order on August 31, 2012, stating that "[a]ny motions or

15   stipulations requesting leave to amend the pleadings must be filed by no later than 10/15/2012."

16   (Doc. 12, 2:5-8.)  The parties were advised that "[a]ll proposed amendments must (A) be supported

17   by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the

18   existing schedule, . . . and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not

19   (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or

20   (4) futile."  (Doc. 12, 2:10-15 (citations omitted).)

21

22   **A.    Plaintiff Exhibited Diligence and Good Cause as Required under Federal Rule of Civil
         Procedure 16(b)**

23         **1.    Legal Standard**

24   Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling

25   order that limits the time to join other parties, amend the pleadings, complete discovery, and file

26   motions.  Fed. R. Civ. P. 16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good

27   cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" requirement of

28   Rule 16 primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth*

1  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial

2  schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

3  (internal citation and quotation marks omitted).

4      Good cause may be found to exist where the moving party shows, for example, that it:

5  (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In*

6  *re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to

7  comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable

8  at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an

9  amendment once the party reasonably knew that it could not comply with the scheduling order, *see*

10  *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v.*

11  *Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry

12  should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the

13  schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be

14  granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district

15  court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for

16  amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only

17  secondarily by Rule 15(a).").

18      **2.  Analysis**

19      As a scheduling order issued in this action (Doc. 12), the "schedule may be modified only

20  for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists

21  to modify a scheduling order rests on whether the party seeking the modification has been diligent.

22  *See Johnson*, 975 F.2d at 609. Here, Plaintiff brought this motion within the time constraints set

23  forth by the Court in the scheduling order (Doc. 12, 2:5-8), and did not unduly delay in seeking

24  amendment.

25      Plaintiff's counsel indicates that a Demand for Inspection of Defendants' property was served

26  on September 7, 2012, and that an inspection occurred on October 11, 2012. (Doc. 14-3, Moore

27  Decl., ¶¶ 2-3.) Plaintiff did not receive a copy of the site inspection report until the morning of

28  Sunday, October 14, 2012, and did not review the report until the next day. (Doc. 14-3, Moore

Decl., ¶ 6.) Plaintiff was unable to obtain a stipulation from counsel for Defendant Ralph's Grocery allowing for amendment to the complaint. (Doc. 14-3, Moore Decl., ¶¶ 5, 7.) As such, Plaintiff filed the instant motion on October 15, 2012, seeking leave to file a first amended complaint. The motion was filed the same day that Plaintiff's counsel initially reviewed the site inspection report and on the date set forth in the Court's scheduling order as the deadline for the parties to seek amendment to the pleadings. (*See* Doc. 12, 2:5-15; Doc. 14.)

In opposition, Defendant Ralphs Grocery notes that Plaintiff seeks amendment six months after the initial complaint was filed and two months prior to the non-expert discovery deadline. (Doc. 17, 4:3-27.) While Ralphs Grocery seems to be inferring that Plaintiff delayed in seeking amendment, Ralphs Grocery failed to show that Plaintiff was not diligent.

Plaintiff did not delay in seeking amendment. Plaintiff filed this motion one day after Plaintiff's counsel received the written site inspection report, and on the same day that the report was initially reviewed. (Doc. 14-3, Moore Decl., ¶¶ 3, 6.) As such, Plaintiff filed the motion immediately upon receiving the additional information upon which amendment to the complaint is sought. Further, Plaintiff filed the motion by the deadline set forth by the Court in the scheduling order. (Doc. 12, 2:5-15.) Additionally, Plaintiff is not currently seeking to modify the schedule, nor did Defendant indicate that a modification to the schedule was necessary regarding the December 31, 2012, deadline for non-expert discovery and the March 29, 2013, deadline for expert discovery. (*See* Doc. 12.)

As Plaintiff is not seeking to modify the scheduling order, and Plaintiff filed this motion within the time period authorized by the Court and on the date that Plaintiff determined that amendment was warranted, Plaintiff has been diligent in seeking amendment of the complaint. As such, Plaintiff shows good cause to request amendment. Thus, the Court turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607.

**B.    Plaintiff's Amendment is Warranted Under Federal Rule of Civil Procedure 15(a)**

**1.    Legal Standard**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when

justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.*  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

### 2.    Analysis

Plaintiff is seeking to amend the complaint to add additional barriers to access that were identified during the site inspection and contends that leave to amend should be freely granted, that he may seek removal of all barriers related to his disability, and that no basis exists to deny the motion.  (Doc. 14-1.)  Ralphs Grocery contends that the motion should be denied because it is brought in bad faith, would result in undue prejudice, and the proposed amendments are futile. (Doc. 17.)

### a.    Prejudice to the Opposing Party

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052.  Ralph Grocery contends that Plaintiff "purposefully chose to file a complaint in May 2012 without adequate factual investigation and now seeks to increase the scope, expense and nuisance value of this litigation *six months* later by way of an amended complaint – a mere *two months* before the discovery cut-off date – all to

Defendants' prejudice." (Doc. 17, 4:24-27.)  Although Ralphs Grocery generally asserts that it will be prejudiced if Plaintiff is permitted to amend the complaint, it fails to set forth specifically how it will be prejudiced if amendment is allowed.

A plaintiff who alleges a suit under the ADA and establishes "standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) (citation omitted).  Here, Ralphs Grocery contends that Plaintiff should not be permitted to amend his complaint because he did not include many of the newly identified barriers in the original complaint.  (*See* Doc. 17.)  However, the Ninth Circuit has stated that "it is entirely plausible that the reason [the plaintiff] did not know the full scope of [the defendant's] ADA violations when he filed his complaint is that the violations he *did* know about deterred him from conducting further first-hand investigation of the store's accessibility." *Id*. at 1042.  As such, the Ninth Circuit found that "[a]s a general matter, where deterrence itself has been identified as the injury conferring standing to sue on an ADA plaintiff . . . it would be ironic if not perverse to charge that the natural consequence of this deterrence, the inability to personally discover additional facts about the defendant's violations, would defeat that plaintiff's standing to challenge other violations at the same location that subsequently come to light." *Id*. (citation omitted).

### i.      The Ninth Circuit's Pleading Requirements for ADA Cases

Ralphs Grocery states that the Ninth Circuit recently addressed the pleading standard regarding ADA claims in *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc), and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011).  Ralphs Grocery contends that *Chapman* determined that a plaintiff seeking relief under the ADA must identify the barrier he personally encountered, connect the barrier to his disability, and state the manner in which the barrier impeded his full and equal enjoyment of the facility.  (Doc. 17, 3:24-28 (citing *Chapman*, 631 F. 3d at 954).)  Ralphs Grocery further contends that in *Oliver*, the Ninth Circuit adopted a "bright line rule" that all barriers must be specifically identified in the complaint to give defendants fair notice of a plaintiff's claim under Federal Rule of Civil Procedure Rule 8.  (Doc. 17, 4:10-12.)  As such, Ralphs Grocery asserts that "the case law required [Plaintiff's counsel] to identify all alleged barriers

6

1    in Plaintiff's original complaint" and thus amendment to the complaint should be denied.  (Doc. 17,

2    4:21-24.)

3           It is unclear how Ralphs Grocery arrives at the conclusion that *Chapman* and *Oliver* held that

4    a plaintiff's *original* complaint must identify all barriers and that a plaintiff is prevented from

5    *amending* his original complaint.  In *Chapman*, the defendant appealed the decision by the district

6    court granting plaintiff's motion for summary judgment regarding some of the alleged barriers

7    violating the ADA.  Citing *Doran*, the Ninth Circuit reaffirmed that "[a]n ADA plaintiff who has

8    Article III standing as a result of at least one barrier at a place of public accommodation may, in one

9    suit, permissibly challenge all barriers in that public accommodation that are related to his or her

10   specific disability," and stated that if a plaintiff "has standing to pursue injunctive relief as to some

11   of the barriers that he actually encountered, then he has standing to seek an order requiring the

12   removal of all barriers . . . that are related to his disability and that he is likely to encounter on future

13   visits."  *Chapman*, 631 F.3d at 950-51 (citing *Doran*, 524 F.3d at 1047.)  The Ninth Circuit

14   concluded that "an ADA plaintiff may, in one lawsuit, pursue an injunction to remove all

15   accessibility barriers related to his disability that he is likely to encounter at a place of public

16   accommodation to which he intends to return."  *Id*. at 952 (citing *Steger v. Franco, Inc.*, 228 F.3d

17   889, 894 (8th Cir. 2000)).  Further, the court rejected the defendant's "warning that *Doran* opens the

18   floodgates to potentially vexatious lawsuits" and instead found that Ninth Circuit "precedent

19   facilitates ADA compliance by eliminating . . . piecemeal litigation" that would occur by requiring

20   separate cases for multiple barriers at the same facility.  *Id*. at 953 (citing *Doran*, 524 F.3d at 1047).

21          The Ninth Circuit found, however, that the plaintiff's "complaint itself [was] jurisdictionally

22   defective" because the plaintiff failed to "sufficiently allege the essential elements of Article III

23   standing."  *Id*. at 954.  The court determined that, while the plaintiff alleged he was "physically

24   disabled" and that he visited the defendant's facility and encountered physical barriers, "he never

25   allege[d] what those barriers were and how his disability was affected by them so as to deny him the

26   full and equal access that would satisfy the injury-in-fact requirement (i.e., that he personally

27   suffered discrimination under the ADA on account of his disability)."  *Id*. (internal quotation marks

28   omitted).  Although the plaintiff attached an "Accessibility Survey" to his complaint that listed

barriers known to him that he claimed "denied him access" to the defendant's facility, the "Accessibility Survey simply identifi[ed] alleged ADA . . . violations without connecting the alleged violations to [plaintiff's] disability." *Id*. at 954. Further, the Accessibility Survey could not "substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" because the plaintiff did "not even attempt to relate the alleged violations to his disability." *Id*. at 954-55. As such, the Ninth Circuit vacated, dismissed, and remanded the district court's granting of summary judgment in favor of the plaintiff, finding that the plaintiff "lacked standing at the outset of this litigation to assert the ADA claims." *Id*. at 955.

*Chapman* does not stand for the proposition that the plaintiff could not have *amended* the complaint but instead states that judgment based on a defective complaint is improper. The Ninth Circuit noted that the plaintiff "*may establish standing* as to the unencountered barriers related to his disability," thus indicating that the complaint could potentially be amended to correct such defects. *See id* (emphasis added). The complaint as pled in *Chapman*, however, merely contained a "list of barriers incorporated into [the] complaint [that did] nothing more than perform a wholesale audit of the defendant's premises" and was thus procedurally deficient. *Id*. (citations omitted).

Likewise *Oliver*, 654 F.3d 903, does not set forth the proposition that a plaintiff cannot amend a complaint to allege additional ADA barriers. Instead, the Ninth Circuit affirmed the district court's granting of summary judgment in favor of the defendants on the ADA claim and dismissing without prejudice the plaintiff's state law claims. *Id*. at 911. The plaintiff's initial complaint identified 18 separate architectural barriers encountered by the plaintiff that interfered with or denied his ability to use the good, privileges, and accommodations offered at the defendants facility. *Id*. at 905. After receiving the complaint, the defendants began renovations at the facility and removed several of the identified barriers.

During the pre-trial scheduling conference, the plaintiff "stated his intention to amend his complaint to allege the existence of additional architectural features at the store which violated the ADA," the parties agreed to a deadline to file amended pleadings, and the magistrate judge issued a scheduling order. *Id*. at 906. The plaintiff, however, did not seek to amend the complaint by the deadline set forth in the scheduling order. *Id*. After the deadline had passed, the plaintiff filed a

1   motion to modify the scheduling order and a motion to amend the complaint to identify additional

2   barriers; the motions were denied by the district court because the plaintiff had failed to show good

3   cause to modify the scheduling order as required pursuant to Federal Rule of Civil Procedure 16(b).

4   *Id*.

5          Four months later, the plaintiff filed an "expert report" identifying additional barriers at

6   defendants' facility.  *Id.*  The district court, in granting summary judgment in favor of defendants,

7   ruled that it would not consider the barriers listed in the plaintiff's expert report that were not pled

8   in the complaint "because they were not properly before the court."  *Id.*  The Ninth Circuit affirmed

9   this ruling, finding that the plaintiff "did not give the defendants fair notice that the barriers listed

10  for the first time in the expert report were grounds for his claim of discrimination under the ADA."

11  *Id*. at 908.[1]   The Ninth Circuit held that "a plaintiff must identify the barriers that constitute the

12  grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not

13  deemed to have fair notice of barriers identified elsewhere."  *Id*. at 909.  As such, *Oliver* establishes

14  that a plaintiff cannot seek relief under the ADA for barriers that are not identified in the complaint.

15         *Oliver*, however, does not state that a plaintiff cannot amend a complaint to allege newly

16  identified barriers.  *Oliver* acknowledges that the plaintiff intended to amend the complaint to allege

17  additional barriers but failed to do so within the deadline set forth in the scheduling order; the

18  plaintiff's subsequent motions to amend the scheduling order and amend the complaint were denied

19  by the district court pursuant to Rule 16(b) because the plaintiff failed to show good cause to modify

20  the scheduling order.  *Id*. at 906.  The plaintiff then merely filed the expert report identifying

21  additional barriers at the defendants' facility, but these barriers (and their impact on the plaintiff)

22  were never set forth in any complaint and, as such, could not be considered by the court.  *Id.*  The

23  Ninth Circuit did not state that the plaintiff could not have amended the complaint, but instead noted

24  that the plaintiff's attempt to amend the complaint was defective and was thus denied.  *Id*.

25

26

27         [1] The court noted that the question at issue in *Chapman*, i.e., standing, was not a dispositive issue in *Oliver*

28  because there was "sufficient evidence in the record to establish that [the plaintiff] suffered an injury in fact" to thus cure
    any jurisdictional defect regarding standing.  *Oliver*, 654 F.3d at 907-08.

1

        **ii.**    **District Courts Have Permitted Amendments to Complaints After**
              *Chapman* **and** *Oliver*

2

3        Ralphs Grocery does not provide any legal authority that a request to amend a complaint must

4  be denied because of the holdings in *Chapman* and *Oliver*.  To the contrary, several courts have

5  granted leave to amend to allow the plaintiffs to meet the pleading requirements set forth in

6  *Chapman*. *See, e.g.*, *Feezor v. Sears, Roebuck & Co.*, No. CIV S-10-0908 KJM, 2011 WL 2415334,

7  at *1 (E.D. Cal. June 13, 2011) (finding that leave to amend was properly granted to allow the

8  plaintiff to meet the pleading requirements established in *Chapman*); *Yates v. Perko's Cafe*, No. C

9  11-00873 SI, 2011 WL 2580640, at *4-*5 (N.D. Cal. June 29, 2011) (granting the plaintiff's motion

10  to amend complaint to allow plaintiff to add a defendant and meet the *Chapman* pleading

11  requirements); *Feezor v. Patterson*, No. CIV. S-10-1165-FCD, 2011 WL 1466897, at *2-*4 (E.D.

12  Cal. Apr. 18, 2011) (granting the plaintiff's motion to amend to meet the *Chapman* pleading

13  requirements despite defendants having filed motions for summary judgment); *Kohler v. Flava*

14  *Enterprises, Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011)

15  (allowing the plaintiff to amend the complaint to plead additional facts to meet the pleading

16  requirements newly set forth in *Chapman*); *Kohler v. Presidio Int'l, Inc.*, No. CV 10-4680 PSG

17  PJWX, 2011 WL 686060, at *1 (C.D. Cal. Feb. 16, 2011) (the same); *Rush v. CPG Partners, LP*,

18  No. CV 10-4662-GHK AJWX, 2011 WL 561079, at *1 (C.D. Cal. Feb. 14, 2011) (the same).

19        Further, courts that have disallowed amendments to complaints have done so not because

20  *Chapman* and *Oliver* require that all barriers be identified in the initial complaint, but because the

21  plaintiffs failed to timely seek amendment pursuant to the deadlines set forth in the scheduling order.

22  *See, e.g.*, *Strong v. Walgreen Co.*, No. 09CV611 WQH WVG, 2011 WL 1496720, at *4-*5 (S.D.

23  Cal. Apr. 18, 2011) (allowing the plaintiff to amend the complaint to meet the pleading requirements

24  in *Chapman* but disallowing the amended complaint to add additional barriers because amendment

25  was sought 16 months after the barriers were identified and the plaintiff was not diligent in seeking

26  amendment); *see also Rush v. Gen. Growth Properties, Inc.*, No. CV 10-06721 DDP DTBX,

27  2012 WL 1115518, at *1, n. 1 (C.D. Cal. Apr. 3, 2012) (granting the defendant's motion for

28  summary judgment and denying the plaintiff's motion to amend the first amended complaint because

it was filed after the close of discovery); *O'Campo v. Chico Crossroads*, No. CIV S-10-1100-KJM, 2011 WL 5241351, at *2-*3 (E.D. Cal. Oct. 31, 2011) (denying the plaintiff's motion to compel a site inspection after discovery was over because "[d]iscovering such additional barriers at the end of the discovery period, then attempting to amend a complaint when no such amendment was contemplated, would place the defendant in the position of having to defend against such new claims without proper notice or time to investigate")  As noted in *O'Campo*, "the recent Ninth Circuit decision in *Oliver*, 654 F.3d 903, . . . determined that the only barriers the court could address in a *motion for summary judgment* were those raised in the complaint." *O'Campo*, 2011 WL 5241351, at *2 (emphasis added). Neither *Oliver* nor *Chapman* stand for the proposition that a complaint cannot be amended to plead additional barriers.

Here, the reasons to deny a motion to amend noted in *Strong*, *Rush*, and *O'Campo* are not present.  Plaintiff's motion was timely made within the deadline set forth in the Court's scheduling order and within a day of Plaintiff's receipt and review of the site inspection report.  Plaintiff did not delay in seeking to amend the complaint, and Ralphs Grocery has not shown how it would be prejudiced by allowing amendment.

### b.    Bad Faith in Seeking Amendment

Ralphs Grocery asserts that Plaintiff's motion to amend "appears to have been brought in bad faith to increase the nuisance value of this lawsuit to Defendants' prejudice."  (Doc. 17, 3:2-3.) Ralphs Grocery, however, does not set forth how Plaintiff's filing a motion to amend within the deadline set forth in the Court's scheduling order on the day Plaintiff learned of additional barriers is an act of bad faith.[2]  Ralphs Grocery appears to be arguing that Plaintiff's lawsuit in itself is brought in bad faith, asserting that Plaintiff's counsel belong to an "unscrupulous law firm," and that the lawsuit is a "legal shakedown scheme," brought for the "purposes of extorting money from the defendants" due to the serial nature of Plaintiff and Plaintiff's counsel filing of ADA litigation. (Doc. 17, 2:12-23.)

---

[2] Ralphs Grocery participated in creating the schedule in this case.  (*See* Doc. 10 (Joint Scheduling Report).; Doc. 11 (Minutes indicating that counsel for Ralphs Grocery was present at the telephonic scheduling conference held by the Court.)  It is now disingenuous to say amendment is too late after the schedule had been established with the agreement of the parties.

The Court is not convinced by Ralphs Grocery's assertions and is concerned with Ralphs Grocery's counsel's violation of its duty of candor: two of the cases cited by counsel to support the proposition that Plaintiff's attorneys were acting in bad faith were either vacated and remanded or overruled, and counsel failed to acknowledge their invalidity as required. *See* California Rules of Professional Conduct, Rule 5-200. Ralphs Grocery cites to *Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030 (C.D. Cal. 2005) (*vacated and remanded*, 237 F. App'x 148 (9th Cir. 2007)) for the proposition that Plaintiff's counsel is an "unscrupulous law firm" involved in a "legal shakedown scheme" without indicating that *Doran* was vacated and remanded "based on an inaccurate view of the law." *Doran v. Del Taco, Inc.*, 237 F. App'x 148, 149 (9th Cir. 2007).[3]  Further, Ralphs Grocery cites to *Wilson v. Kayo Oil Co.*, 535 F. Supp. 2d 1063, 1071 (S.D. Cal. 2007) (*rev'd*, 563 F.3d 979 (9th Cir. 2009)) for the contention that Plaintiff filed this suit "for purposes of extorting money from the defendants" without informing the Court that the district court was reversed because the decision was "contrary" to established law. *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 981 (9th Cir. 2009).

**Counsel for Ralphs Grocery is cautioned that further citing of cases without informing the Court of contrary authority may result in the imposition of sanctions.**

Finally, the Ninth Circuit has indicated that district courts should not necessarily condemn serial ADA litigation. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007). The Ninth Circuit found that:

> For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA. But as important as this goal is to disabled individuals and to the public, serial litigation can become vexatious when, as here, a large number of nearly-identical complaints contain factual allegations that are contrived, exaggerated, and defy common sense. False or grossly exaggerated claims of injury, especially when made with the intent to coerce settlement, are at odds with our system of justice, and [the plaintiff's] history of litigation warrants the need for a pre-filing review of his claims.

---

[3] While unpublished decisions are not precedent, unpublished dispositions and orders of the Ninth Circuit issued on or after January 1, 2007, may be cited to the courts of the circuit. 9th Cir. R. 36-3(b). Further, unpublished Ninth Circuit cases should certainly be cited when they overturn the lower court's decision if the parties are citing to that decision.

1  *Id.*[4]

2  Here, Ralphs Grocery does not contend that Plaintiff made false or grossly exaggerated

3  claims of injuries in the original complaint or in the proposed first amended complaint, nor does

4  Ralphs Grocery establish how Plaintiff's motion to amend is brought in bad faith.  As such, this

5  factor does not weigh against amendment.  *See DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there

6  is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the

7  denial of leave to amend on the basis of bad faith.").

8  **c.      Undue Delay in Seeking Amendment**

9  Ralphs Grocery asserts that Plaintiff "purposefully chose to file a complaint in May 2012

10  without adequate factual investigation and now seeks to increase the scope, expense and nuisance

11  value of this litigation *six months* later by way of an amended complaint – a mere *two months* before

12  the discovery cut-off date . . ." (Doc. 17, 4:25-27.)  As such, Ralphs Grocery appears to contend that

13  Plaintiff unduly delayed seeking amendment to the complaint.  However, as noted above, Plaintiff

14  filed the instant motion within the deadline set forth by the Court in the scheduling order, the day

15  after receiving the site inspection report, and on the day of actually reviewing the site inspection

16  report.  Accordingly, there is no evidence that Plaintiff delayed in seeking amendment.

17  **d.      Futility of Amendment**

18  Although the validity of the proposed amendment is not typically considered by courts in

19  deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is

20  futile or subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  Here, Ralphs

21  Grocery contends that Plaintiff's proposed amended complaint would be futile because it fails to

22  comply with the pleading requirements in *Chapman* and *Oliver*.  Specifically, Ralphs Grocery asserts

23  that Plaintiff fails to "identify the barriers he allegedly encountered, connect the barriers to his

24  _____

25  [4] Plaintiff's counsel is also admonished for citing to a case, *Antoninetti v. Chipotle Mexican Grill, Inc.*, 614 F.3d 971 (opinion amended and superseded on denial of reh'g, 643 F.3d 1165 (9th Cir. 2010) cert. denied, 131 S. Ct. 2113,
26  179 L. Ed. 2d 926 (U.S. 2011)) without acknowledging that it was amended and superseded.  The Court notes, however, Plaintiff cited *Antoninetti* based on that case's cite of *Molski*, which does not suffer from any procedural deficiencies.
27  Nonetheless, counsel for all parties are warned that failure to acknowledge direct contrary case authority or case history will not be tolerated by the Court and is in violation of counsel's professional responsibilities.  *See* Cal. Rules of Prof'l
28  Conduct R. 5-200.  Counsel are further warned that their credibility with the Court may be damaged when they present arguments and authority that are contrary to law.

disability, or state the manner in which the barriers purposefully impeded his access." (Doc. 17, 5:4-6.) Ralphs Grocery thus contends that Plaintiff's "newly-minted barrier claims are not pled with sufficient specificity." (Doc. 17, 6:19.)

In *Chapman*, the Ninth Circuit clarified "that when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue." *Chapman*, 631 F.3d at 944. However, the plaintiff in *Chapman* lacked standing because the complaint failed to "sufficiently allege the essential elements of Article III standing." *Id*. at 954. Although the court found that the plaintiff alleged that he was "'physically disabled,' and that he 'visited the [defendant's] Store' and 'encountered architectural barriers that denied him full and equal access,' he never allege[d] what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability)." *Id*. As such, the Ninth Circuit found that the plaintiff lacked standing to bring his ADA claim. *Id*. at 955.

In *Oliver*, the Ninth Circuit also found that the plaintiff's complaint was jurisdictionally "insufficient" to allege standing, but that the complaint "need not to [be] dismiss[ed]" because there was "sufficient evidence in the record to establish that [the plaintiff] suffered an injury in fact" based on evidence submitted in support of the plaintiff's cross-motion for summary judgment. *Oliver*, 654 F.3d at 907. Further, once a plaintiff establishes that he "personally encountered barriers . . . that impaired his full and equal access to the facility due to his particular disability," he has "standing to sue for those barriers as well as all 'other barriers related to his disability.'" *Id*. at 908 (citing *Chapman*, 631 F.3d at 944.) However, "in order for the complaint to provide fair notice to the defendant, each such feature [(barrier)] must be alleged in the complaint." *Id*. (citing *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)). In *Oliver*, the Ninth Circuit found that the plaintiff did "not give the defendants fair notice that the barriers listed for the first time in the expert report were grounds for his claim of discrimination under the ADA" since the plaintiff's

14

request for amendment to include these barriers was denied as the plaintiff did not seek amendment until after the deadline set forth in the scheduling order had passed. *Id*. at 906-08.

Here, however, Plaintiff proposed first amended complaint provides Ralphs Grocery with fair notice of newly discovered barriers; identifies that Plaintiff is physically disabled; that he visited a facility owned, operated, or leased by Ralphs Grocery; and that he personally encountered specific identified barriers. (Doc. 14-2, ¶¶ 7-10.) As such, Ralphs Grocery has "fair notice" of the barriers that are the grounds for Plaintiff's discrimination claim under the ADA. *Oliver*, 654 F.3d at 908. Plaintiff's complaint, therefore, does not appear to be futile.

**C.   Conclusion**

Plaintiff is not seeking the amendment in bad faith, as he provides a credible reason to amend the complaint so that all access issues can be addressed. *See Doran*, 524 F.3d at 1047 ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability."). There is not an undue delay in Plaintiff's request to amend, as the motion was filed the day after Plaintiff received the inspection report identifying additional accessibility barriers and within the deadline set forth in the Court's scheduling order. (Doc. 12; Doc. 14-3, Moore Decl., ¶ 6.) There is no prejudice to Ralphs Grocery, as "no prejudice to Defendants is likely where the amendments do not change the nature of the action and relate to the alleged violations in the original complaint." *Moore v. CNC Apex Corp.*, No. 1:10cv01687 LJO DLB, 2011 WL 2473285, at *2 (E.D. Cal. Jun. 21, 2011). Further, Plaintiff's proposed first amended complaint does not appear to be futile.

As such, Plaintiff's motion to file an amended complaint is GRANTED.[5]

**IV.   CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.        Plaintiff's motion to amend his complaint is GRANTED;

---

[5] The Court notes that Plaintiff's proposed first amended complaint names Cahan Shields as a Defendant, although Plaintiff settled the claims against this Defendant and dismissed Cahan Shields with prejudice. (Docs. 13, 15, 16.) As such, Plaintiff should either omit Cahan Shields as a Defendant from the amended complaint, or should set forth reasons why Cahan Shields remains a party.

2.     Plaintiff shall file the first amended complaint within two (2) days from the date of this order; and

3.     Defendants shall have twenty-one (21) days from the date Plaintiff files the first amended complaint to file a responsive pleading.

IT IS SO ORDERED.

**Dated:    December 6, 2012**                 /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE